949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Lila Rae KITTERMAN, Defendant-Appellee.
 No. 91-30048.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Dec. 3, 1991.
 
 Before EUGENE A. WRIGHT, HUG and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals the district court's grant of Lila Rae Kitterman's motion to suppress evidence obtained following her arrest on drug conspiracy charges. The district court found that Kitterman's arrest was not supported by probable cause and, therefore, all evidence obtained as a result of the arrest, including statements made by Steve Johnson, must be suppressed as fruits of the poisonous tree. We have jurisdiction to hear the Government's timely appeal under 18 U.S.C. § 3731. Because we are convinced there was probable cause to arrest Kitterman, we reverse the judgment of the district court granting her motion to suppress.
 
 
 3
 On appeal, the Government contends the district court erred when it determined: 1) there was not probable cause to arrest Kitterman; 2) the gray/blue tote bag belonging to Steve Johnson should be suppressed; and 3) all statements made by Johnson should be suppressed. Generally, we review de novo the district court's determination regarding a motion to suppress. See United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988).
 
 
 4
 An arresting officer has probable cause to make a warrantless arrest if at that moment, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." United States v. Smith, 790 F.2d 789, 792 (9th Cir.1986). An individual's association with someone independently suspected of criminal activity may give rise to probable cause if additional circumstances from which it is reasonable to infer participation in criminal enterprise are shown. United States v. Hillison, 733 F.2d 692, 697 (9th Cir.1984). An "important consideration in assessing the significance of the association is whether the known criminal activity was contemporaneous with the association." Id.
 
 
 5
 The facts and circumstances within the knowledge of the arresting officers at the time of the arrest include the following: 1) Kitterman was probably Johnson's girlfriend; 2) Kitterman probably used cocaine; 3) an informant thought Kitterman may be dealing drugs; 4) Kitterman engaged in three phone conversations with the informant that were initiated by the informant and she agreed to give messages to Johnson to the effect that the informant had called; 5) Kitterman knew Johnson stayed in hotels prior to his moving in with her and used aliases when registering at the hotels; 6) Kitterman registered at both the Comfort Inn and the Quality Inn under an assumed name on May 30th and 31st respectively; and 7) Kitterman picked Johnson up at the airport on the evening of May 30th, drove him to the airport on May 31st and picked him up three hours later.
 
 
 6
 We are convinced probable cause existed to arrest Kitterman. Kitterman had a close association with Johnson that was contemporaneous with his known criminal activity. Additionally, using an assumed name, she checked into the hotels where Johnson told the agents he would be staying during the period of time in which the drug transaction was to occur. Also, by way of the informant, the agents had reason to believe Kitterman used cocaine and may have been dealing in drugs. Under the totality of the circumstances, we conclude the officers had probable cause to arrest Kitterman. Consequently, Kitterman's motion to suppress must be denied in its entirety. Accordingly, the judgment of the district court is reversed.
 
 
 7
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3